## HIERS v. RISHER.

1. APPEAL—LEGAL ISSUE.—A FINDING OF FACT on a legal issue which is not supported by *any* testimony, is an error of law, which will be reviewed on appeal.
2. EXCEPTIONS not considered, because not in proper form.
3. EVIDENCE—REAL PROPERTY—TITLE.—WRITTEN INSTRUMENTS relating to sale of lands properly admitted under claim through lost deed, as possible links of title.
4. IBID.—COMMON RUMOR.—TITLE cannot be shown by common rumor.
5. APPEAL—NEW TRIAL—COSTS.—Judgments as to costs is reversed when new trial is granted on appeal.

Before WATTS, J., Colleton, February, 1896. Reversed.

Action for partition by Sallie C. Hiers *v.* Paul W. Risher *et al.* From judgment directing partition, defendants appeal.

*Messrs. Howell & Gruber,* for appellants, cite: *Defendants having denied title in plaintiff, burden of proof was on her:* 36 S. C., 559. *Holding by defendants is ouster of plaintiff:* 2 Hill, 513; 3 Strob., 502; Rice Eq., 385. *Issue of title set up by defendants must be determined before equitable issues:* 36 S. C., 561; 12 S. C., 97; 28 S. C., 533.

*Messrs. Fishburne & Bellinger,* contra, cite: *Question not raised by exception to Master's report can not be considered here:* 17 S. C., 260; 21 S. E. R., 271; 17 S. E. R., 222, 599; 15 S. E. R., 711; 28 S. C., 533; 23 S. C., 392. *Costs*

*in such case are within the discretion of trial Judge:* Code,
323; Rev. Stat., 2547; 30 S. C., 612; 15 S. E. R., 714; 18 S.
C., 555; 22 S. C., 271.   *Issue of title was referred to Master
and from his finding of fact thereon there is no appeal:* 17 S.
E. R., 222; 13 Rich. L., 76.   *Evidence that the lands were
reputed to be Mrs. Risher's, competent:* 50 S. C., 310.

March 20, 1899.   The opinion of the Court was delivered
by.

MR. JUSTICE POPE.   The plaintiff contends that her
mother, Barbara E. Risher, departed this life in the year
1865, survived by her father, F. B. Risher, the elder, her two
brothers, Paul W. Risher and F. B. Risher, the younger, and
herself, as the heirs at law of said Barbara, who was seized
at her death of four tracts of land, to wit : one known as the
Sheperd tract, containing 700 acres; another known as the
Red Pond tract, containing 625 acres; another known as the
Alfred Spell tract, containing 700 acres, and another known
as the Liston tract, containing 300 acres—all of the four
tracts being situate in Colleton County.   She also contends
that F. B. Risher, the elder, died testate in the year 1894,
and by his will all his estate, real and personal, vested in his
two sons, Paul and F. B., the younger; and that F. B.
Risher, the younger, is dead, leaving as his children, Bar-
bara, G. W., Juliana A., and Paul W. Risher, the younger.
The plaintiff demands that the land be partitioned, to the end
that her one-third of two-thirds of said four tracts of land
may be set apart to her.   The defendants deny that the
plaintiff has any interest in said four tracts of land, and also
they deny that the said Barbara E. Risher, her predecessors
or grantors, were seized of said premises.   And the defend-
ants allege that these defendants' ancestor, F. B. Risher, the
elder, under whom they claim, entered into possession of
said four tracts of land under a claim of title exclusive of any
other right—founding such claim under a written instru-
ment as being a conveyance of said premises; and that said
F. B. Risher, senior, held said lands under such claim for

more than ten years before the commencement of this action. The parties, plaintiff and defendant, waived the right to a trial of the issue of title by a jury, and consented that all the issues of law and fact should be passed upon by the master of Colleton County. Mr. Henderson, as such master, reported in favor of the plaintiff. On hearing defendants' exceptions to such report, Judge Watts confirmed the report of the master, and ordered the lands sold for partition amongst the parties, and adjudged that the defendants should pay all the costs of the action. An appeal has been taken by the defendants, and it now remains for us to pass upon the same.

It is very evident that the primal question involved in the issues referred to the master was that of title. And if it should have happened that the finding of the master was adverse to the plaintiff, why the whole case was settled, so far as she was concerned; she had no equities left. But we are not prepared to go to the lengths insisted upon by the defendants, viz: that the only question before the master was that of title, for it must be remembered that the plaintiff tendered two issues, one for partition and the other for an account for rents. While it is true the defendants contented themselves with the tender of the legal issue—title to land—if the master became convinced that the plaintiff was entitled to one-third of two-thirds of the four tracts of land in question, it was perfectly proper for him to pass upon the other two issues as tendered by the plaintiff. It is proper also to remark that in the issue of title, that being a legal as distinguished from an equitable issue, this Court cannot entertain any question involving matters of fact, but must confine itself to matters of law. We will now pass upon the grounds of appeal.

"1. For that the presiding Judge was in error in refusing to sustain and in overruling the following exception taken by the defendants to the master's report: 'For that the master was in error in finding as a matter of fact that the lands in dispute were the property of Mrs. Bar-

bara E. Risher, and that she held the same under color of title for twenty years previous to her death adversely to the claims of all others, and exercised all necessary acts of ownership over them, whereas there was no testimony to support such finding of fact;' whereas the presiding Judge should have decided that the master was in error, as alleged in said exception, and should have sustained such exception." We are satisfied with the proposition that there being no testimony offered in support of a proposition of fact, a finding in favor of such proposition of facts presents an error of law. To hold otherwise would involve the proposition that a jury, a master, or a Circuit Judge are at liberty to find a proposition as a fact proved where there is absolutely no testimony to support it. Rights of man are held too sacred in our Courts to permit any such travesty of justice to go without correction. Now, whenever it is a question as to the sufficiency of testimony, this Court is powerless, in a law case, to interfere. Was there no testimony offered which supported the proposition that Mrs. Barbara E. Risher, in her lifetime, held the lands described in the complaint for twenty years previous to her death adversely to the claims of all others, and exercised all necessary acts of ownership over them? There is no doubt that Mrs. Barbara E. Risher departed this life intestate in the year 1865. And there is absolutely no testimony in the case which sustains the proposition that she held those lands from the year 1845, which it would be necessary to have proved in order that the twenty years adverse possession could have been sustained. We speak advisedly, that no such testimony was offered. This was error, therefore.

"2. For that the presiding Judge was in error in refusing to sustain, and in overruling the following exception taken by the defendants to the master's report: 'For that the master erred in finding that all the parties in interest claimed title to lands in dispute from the same source, to wit: Barbara E. Risher, whereas all the testimony shows that the defendants claimed title through F. B. Risher, senior, de-

ceased;' whereas the presiding Judge should have decided that the master was in error, as alleged in said exception, and should have sustained such exception." It needs no discussion to establish the error of the master and the Circuit Judge in regard to holding that all parties claimed title to the lands in dispute through the same source, Barbara E. Risher. The plaintiff wished this to be so, but the defendants, from first to last, refused any such position, and insisted that their title was not derived through their mother, but was derived through their father, F. B. Risher, the elder. This exception must be sustained.

"3. For that the presiding Judge was in error in refusing to sustain and in overruling the following exception taken by the defendants to the master's report: 'For that the master was in error in finding that the plaintiffs and defendants are tenants in common of the lands in dispute, whereas there is no competent testimony to show that the plaintiff owns any interest whatever therein;' whereas the presiding Judge should have decided that the master was in error, as alleged in said exception, and should have sustained such exception." This exception cannot be sustained. The simple allegation that no competent testimony was offered by plaintiff to show that plaintiff and defendant were tenants in common is not such an allegation of error as we can notice; it is not indicated in what the error consists—that is, wherein the testimony was incompetent. We do not mean to hold that the plaintiff's testimony offered was competent to prove the alleged tenancy in common; all we intend is to announce that the form of this third exception is faulty.

"4. For that the presiding Judge was in error in refusing to sustain and in overruling the following exception taken by defendants to the master's report: 'For that the master was in error in holding that the plaintiff was not ousted of possession of said lands until the probate of the will of F. B. Risher, sr., November 26th, 1894;' whereas the presiding Judge should have decided that the master was in error, as

alleged in said exception, and should have sustained such exception." We will decline to pass upon this exception, inasmuch as in its present form it presents a question of fact, and as there was some testimony offered on this line, we prefer to leave such question *res integra* when the new trial is had.

"5. For that the presiding Judge was in error in refusing to sustain and in overruling the following exception taken by the defendants to the master's report: 'For that the master was in error in finding that the lands in dispute was the property of Barbara E. Risher at the time of her death;' whereas the presiding Judge should have decided that the master was in error, as alleged in said exception, and should have sustained this exception." We cannot undertake the discussion of this exception. In its form it presents a question of fact. Inasmuch as there must be a new trial, we prefer not to indicate in the slightest degree how our minds are affected by the testimony.

"6. For that the presiding Judge was in error in refusing to sustain and in overruling the following exception taken by the defendants to the master's report: 'For that the master was in error in admitting in evidence exhibit "A," for the reason (1) that there was no evidence showing that the lands mentioned in the paper purporting to be a deed were the same as those described in the complaint, or had any connection therewith; and the said paper contained no description thereof; (2) that the second paper annexed thereto did not purport to be a conveyance, had but one witness, and there was no connection shown between the lands referred to therein and those mentioned in the complaint, and merely purported to be the declaration of the party signing; (3) that as to the second instrument annexed thereto, there was no subscribing witness at all, in addition to the objection urged against the second instrument above referred to; and as to instrument four, by its own terms it relates exclusively to personal property; the defendants' counsel having ob-

jected to the introduction of the said exhibit upon all of the foregoing grounds;' whereas the presiding Judge should have decided that the master was in error, as alleged in said exception, and should have sustained such exception." We should deal frankly in regard to these instruments in writing. While they may not bear very directly upon the tenure of Mrs. Barbara E. Risher of these lands, yet in view of the statement of the eye-witness, B. Stokes, that he witnessed a deed from the brother of Mrs. Risher, whereby that brother conveyed certain lands to Mrs. Risher, who at that time was the widowed Mrs. Liston, and that such deed to Mrs. Liston (who subsequently was Barbara E. Risher) is now lost or mislaid, it may have some bearing by showing that Paul Walton Spell, the brother of Mrs. Liston, had conveyed the land now in question to the said Mrs. Liston, while a widow, and that Mrs. Liston possessed the lands when she intermarried with F. B. Risher, senior. It sometimes happens that the husband lays claim to even the lands of the wife. If Mrs. Risher owned these lands in her own right before her intermarriage with F. B. Risher (which intermarriage occurred between the years 1850 and 1853), Mr. Risher could only hold them under her tenure; he could not successfully assert a right independent of her. We do not say how much force and effect should be given to these old deeds, except to say, in themselves, they cannot prove title, but they may be connecting links between transactions that led up to the alleged lost deed referred to by B. Stokes. We cannot say that it was error to allow these old papers to be introduced in evidence.

"7. For that the presiding Judge was in error in refusing to sustain and in overruling the following exception taken by the defendants to the master's report: 'For that the master was in error in admitting the testimony of G. A. T. Johnson and others, to the effect that the lands in dispute were reputed to be the property of Barbara E. Risher;' whereas the presiding Judge should have decided that the master was in error, as alleged in said exception, and

should have sustained such exception." This exception must be sustained. Title cannot be proved by neighborhood talk. Of course, what one does while in possession of land is admissible in testimony as to the character of his possession.

"8. For that the presiding Judge was in error in finding and adjudging that 'the plaintiff and defendants were tenants in common of the lands described in the decree, and that the plaintiff, Sallie C. Hiers, owned one-third of two-thirds of two-ninths of the same;' whereas he should have found and decided that the said plaintiff had failed to establish any title whatever to said lands." The form in which the exception is presented is such, that no expression of opinion from the Court is necessary. Without doing anything more, we will say that the question of law governing tenancy in common will be considered, no doubt, on the new trial of this cause.

"9. For that the presiding Judge was in error in finding and adjudging that the lands described in the decree could not be equitably divided among the parties in interest, and in ordering a sale thereof for partition; whereas the only issue properly before the master and before the Court was the question as to whether or not the plaintiff owned any interest in said lands, and no decree or judgment should have been rendered upon the question of partition until the further proceedings had been had." Under the explanation of the law which we gave at the outset before considering any one of the exceptions, it will be readily seen that we do not agree with the appellants in this matter. Of course, if the plaintiff were entitled to be regarded as a tenant in common with the defendants, then partition and accounting for rents would follow. The master and Circuit Judge both thought such was the condition of things. Of course, the legal question of title had to be first disposed of.

"10. For that the presiding Judge was in error in adjudging and decreeing that the costs of the case should be taxed against the defendants and in favor of the plaintiff; whereas

he should have held and decided that he was without authority to make any decree with reference to the said costs, the same to be governed by statute." There must be a new trial of the cause, and, therefore, any order as to costs will, of course, be upset.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause be remanded to the Circuit Court for a new trial.

MR. CHIEF JUSTICE MCIVER and MR. JUSTICE JONES concur in the result.